In re HOLLO.

(District Court, N. D. Ohio, E. D.   June 2, 1913.)

No. 909.

1. ALIENS (§ 69*)—NATURALIZATION—CERTIFICATE OF ARRIVAL.

Under Act June 29, 1906, c. 3592, § 1, 34 Stat. 596 (U. S. Comp. St. Supp. 1911, p. 124), providing that it shall be the duty of the Bureau of Immigration and Naturalization to provide for use at the various immigration stations throughout the United States books of record, wherein the commissioners of immigration shall cause a registry to be made, in the case of each alien arriving in the United States, of his name, age, etc., date of arrival, and, if entered through a port, the name of the vessel in which he comes, and that it shall be the duty of such commissioners to cause to be granted to such alien a certificate of such registry, with the particulars thereof, and section 4, providing that, at the time of filing the petition for admission to citizenship, there shall be, filed with the clerk of the court a certificate from the Department of Commerce and Labor, stating the date, place, and manner of the petitioner's arrival in the United States, where an alien deserted a ship on which he was employed at New York harbor, and entered the country without inspection, a certificate offered by him on an application for naturalization, which was not based upon his registry at the time of entry, but on information acquired at a hearing subsequent thereto at an immigration station at another port, and which was granted solely for the purpose of allowing him to file a petition, in order that the court might determine whether the certificate of arrival required by section 4 must be made up from the registration described in section 1, could not be accepted as complying with section 4, and before the applicant could be admitted to citizenship he must conform to the requirements of the law, and be properly inspected and manifested by the proper immigration officers.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 227; Dec. Dig. § 69.*]

2. ALIENS (§ 68*)—NATURALIZATION—PROCEEDINGS.

Citizenship is a privilege, and the laws prescribing the procedure necessary to perfect this status should be strictly followed.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. § 68.*]

Application by Edward Hollo for naturalization. Petition dismissed.

H. Hughes Johnson, of Cleveland, Ohio, for applicant.

U. G. Denman, U. S. Dist. Atty., and Cary Alburn, Asst. U. S. Atty., both of Cleveland, Ohio, for the United States.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DAY, District Judge. [1] Edward Hollo, the applicant for naturalization, was born in Hungary, March 17, 1885, and entered the United States on or about the 6th day of October, 1906, being then an alien and a subject of the king of Hungary. On December 10, 1912, he filed his petition for naturalization in this court, and attached to said petition what purported to be a certificate of landing in the following form:

"Certificate of Arrival—For Naturalization Purposes. (For use of aliens arriving in United States after June 29, 1906. To be issued immediately prior to petitioning for naturalization.)

"Department of Commerce and Labor.

"1404                Immigration Service.    Serial No. 721,481.

"Filed December 10, 1912.

"B. C. Miller, Clerk, U. S. District Ct., N. D. O.

"Port of Cleveland, Ohio.

"The immigration records at this port show the following as to the alien named below:

"Edward Hollo.

"Date of Arrival: Oct. 6, 1906.

"Name of vessel: Kaiserin Augusta Victoria.

"Line: Ham.-Amer.

"Correspondence with Com'r of Immigration New York shows alien deserted ship at New York on Oct. 6, 1906, under name of Alex Gingery, native of Italy.               J. A. Fluckey,

"[Title]    Inspector in Charge."

Indorsement:

"The above-named alien entered the United States without inspection. This certificate is *not* based upon registry of the alien at the time of entry, but from information acquired at a hearing subsequent thereto at the Cleveland immigration station.

"It is granted solely for the purpose of allowing the alien to file a petition, so that the court in which such petition is filed may judicially determine whether the certificate of arrival required by section four must be made up from the registration prescribed in section one of the naturalization act. This point should be brought to the attention of the court in every case in which it is used."

At the final hearing of his petition it appeared in evidence that the applicant deserted the Hungarian army and came to the United States under the name of Alexander Ginzeri, a native of Italy; that he used the passport of said Ginzeri, was employed in the kitchen on the steamship, came as a member of the crew, then he deserted the ship at New York Harbor, and entered this country without inspection.

Section 1 of the Naturalization Act of June 29, 1906 (34 Stat. 596, c. 3592 [U. S. Comp. St. Supp. 1911, p. 124]), provides in part as follows:

"That it shall be the duty of the said bureau to provide, for use at the various immigration stations throughout the United States, books of record, wherein the commissioners of immigration shall cause a registry to be made in the case of each alien arriving in the United States from and after the passage of this act of the name, age, occupation, personal description (including height, complexion, color of hair and eyes), the place of birth, the last residence, the intended place of residence in the United States, and the date of arrival of said alien, and, if entered through a port, the name of the vessel in which he comes. And it shall be the duty of said commission-

ers of immigration to cause to be granted to such alien a certificate of such registry, with the particulars thereof."

And section 4 of the same act (U. S. Comp. St. Supp. 1911, p. 530) provides in part:

"At the time of filing his petition there shall be filed with the clerk of the court a certificate from the Department of Commerce and Labor, if the petitioner arrives in the United States after the passage of this act, stating the date, place, and manner of his arrival in the United States," etc.

It was undoubtedly the purpose of Congress in enacting this legislation to afford a reliable method of ascertaining the exact date of arrival in this country of aliens.

[2] Citizenship is a privilege, and the laws prescribing the procedure necessary to perfect this status should be strictly followed. The fact of arrival is a most important one, and Congress evidently thought so when it passed the act in question. The certificate offered by the applicant is simply a record of a statement made by him. It is not verified, and it is at the most a formal record of what he said to the immigration authorities.

Public policy would require that this applicant should comply with all the provisions of the naturalization laws before he should be entitled to citizenship. He has not furnished the certificate required. This may be a hardship in this individual case, but the law was passed to provide for the naturalization of the many aliens coming to this country yearly, and its purpose would not be subserved, were any other interpretation given it than the one I have indicated.

The applicant should conform to the requirements of the law, be properly inspected and manifested by the proper immigration officers, and then refile his petition for naturalization.

The present petition is dismissed without prejudice.