---

## In re PICK.

### (District Court, E. D. New York. December 11, 1913.)

1. ALIENS (§ 69*)—NATURALIZATION—CERTIFICATE OF DEPARTMENT OF COMMERCE AND LABOR.

Where, on an application of an alien for citizenship, it appeared that the required certificate of the Department of Commerce and Labor, stating the date, place, and manner of arrival of the applicant in the United States, had been issued, but had been mislaid, the applicant was entitled to substitute a copy, and have the copy added to the record in lieu of the original.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 147–153; Dec. Dig. § 69.*]

2. ALIENS (§ 69*)—NATURALIZATION—CERTIFICATE OF DEPARTMENT OF COMMERCE AND LABOR.

Where an applicant for citizenship presented a copy of a certificate of the Department of Commerce and Labor, stating the date, place, and manner of arrival in the United States, sufficient to comply with the Naturalization Law, it was not material that it was not in the particular form required by rule 5 of the Regulations of the Department of Naturalization, since the regulations of the department cannot overrule the definite provisions of the statutory law.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 147–153; Dec. Dig. § 69.*]

In the matter of the application of Joseph Pick to be admitted a citizen of the United States. Granted.

Joseph Pick, in pro. per.

William J. Youngs, U. S. Atty., and Reuben Wilson, Asst. U. S. Atty., both of Brooklyn, N. Y.

CHATFIELD, District Judge. [1] The statute requires that there shall be filed, at the time of filing the petition with the clerk of the court, a certificate from the Department of Commerce and Labor stating the date, place, and manner of arrival in the United States. In the present case this was apparently complied with; and a certificate, filled out by the Commissioner of Immigration, of the Department of Commerce and Labor, giving the necessary information, handed to the clerk. The certificate has been mislaid, and a copy is now presented by the applicant for use on the hearing.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

'Upon the situation presented, the copy now filed may be added to the record, in lieu of the one which has been lost, and the applicant may be admitted to citizenship. The paper is sufficient under the law, and no regulation specifying any particular form of certificate can be insisted upon, if not necessary for compliance with the requirements of the statute.

[2] The objection presented on behalf of the United States, under date of October 31, 1913, that such a certificate shall be issued by the Department of Naturalization in a particular form, under rule 5 of the Regulations of the Department, cannot repeal the provisions of the statutes.

The cases of Fok Yung Yo v. United States, 185 U. S. 296, 22 Sup. Ct. 686, 46 L. Ed. 917, Caha v. United States, 152 U. S. 211, 14 Sup. Ct. 513, 38 L. Ed. 415, and United States v. Bailey, 34 U. S. (9 Pet.) 238, 9 L. Ed. 113, do not decide that a departmental regulation can overrule a definite provision of statutory law. In United States v. Eaton, 144 U. S. 677, 12 Sup. Ct. 764, 36 L. Ed. 591, the court said:

"Regulations prescribed by the President and by the heads of departments, under authority granted by Congress, may be regulations prescribed by law, so as lawfully to support acts done under them and in accordance with them, and may thus have, in a proper sense, the force of law; but it does not follow that a thing required by them is a thing so required by law as to make the neglect to do the thing a criminal offense in a citizen, where a statute does not distinctly make the neglect in question a criminal offense."

The case of In re Schmidt (D. C.) 207 Fed. 678, is exactly in point, and seems to be a correct statement of the law.

The applicant may be admitted.