## UNITED STATES v. NESS.

(Circuit Court of Appeals, Eighth Circuit. February 16, 1916.)

No. 4408.

1. ALIENS ☞67—NATURALIZATION—JURISDICTION OF COURTS.

Under Act June 29, 1906, c. 3592, § 3, 34 Stat. 596 (Comp. St. 1913, § 4351), conferring jurisdiction to naturalize aliens on state courts of record having jurisdiction in actions at law or equity in which the amount in controversy is unlimited, and section 4 (section 4352), requiring the applicant for citizenship to file a petition, and providing that at the time of filing the petition there shall be filed a certificate from the Department of Commerce and Labor stating the date, place, and manner of the petitioner's arrival in the United States, the absence of such a certificate did not deprive a state court of jurisdiction, as the court had jurisdiction to decide not only whether the petition and the petitioner's procedure were sufficient, but also to determine whether the absence of the certificate was fatal to the petitioner's right to be admitted as a citizen.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 131–137; Dec. Dig. ☞67.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2.** ALIENS ⬥71½, New, vol. 7 Key-No. Series—NATURALIZATION—CANCELLA-
TION OF CERTIFICATES—REVIEW.

Under Act June 29, 1906, c. 3592, § 15, 34 Stat. 601 (Comp. St. 1913, §
4374), requiring United States attorneys to institute proceedings to set
aside and cancel certificates of citizenship on the ground of fraud or on
the ground that the certificate was illegally procured, such a proceeding
is a suit in equity to be considered and decided in accordance with the
rules and principles applicable to such suits, and the decision of the
lower court must be presumed to be correct unless some obvious error of
law or some serious mistake of fact clearly appears.

**3.** ALIENS ⬥71½, New, vol. 7 Key-No. Series—NATURALIZATION—CANCELLA-
TION OF CERTIFICATES—GROUNDS—"ILLEGALITY."

An alien who entered the United States from Canada did not know
that any formalities were required and saw no person purporting to be
an immigration commissioner. When he applied for admission to citizen-
ship, he was unable to procure and file the certificate from the Department
of Commerce and Labor as to his arrival in the United States, required
by Act June 29, 1906, c. 3592, § 4, 34 Stat. 596 (Comp. St. 1913, § 4352),
but he possessed every essential qualification for admission and he proved
every fact required to be stated in such certificate. The question as to
his right to admission without the certificate was raised and decided by
the court in his favor. *Held*, that the certificate was not illegally pro-
cured so as to be subject to cancellation under section 15 (section 4374),
even though the court made a mistake in failing to require the certificate
as a condition of its decree, as "illegality" signifies that which is con-
trary to the established principles of the law.

[Ed. Note.—For other definitions, see Words and Phrases, First and
Second Series, Illegality.]

**4.** ALIENS ⬥68—NATURALIZATION—PERSONS ENTITLED TO BE NATURALIZED.

Notwithstanding the absence of such certificate, the court's decision
admitting him to citizenship was just and right.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig.
⬥68.]

Appeal from the District Court of the United States for the North-
ern District of Iowa; Henry T. Reed, Judge.

Suit by the United States against Iver Engebretsen Ness to can-
cel a certificate of citizenship. From a decree dismissing the com-
plaint (217 Fed. 169), the government appeals. Affirmed.

M. R. Bevington, of St. Louis, Mo. (F. A. O'Connor, U. S. Atty.,
of New Hampton, Iowa, on the brief), for the United States.

D. M. Kelleher and B. J. Price, both of Ft. Dodge, Iowa, for ap-
pellee.

Before SANBORN and CARLAND, Circuit Judges.

SANBORN, Circuit Judge. Is a certificate of citizenship issued
by a court after notice, evidence, and hearing, to an alien proved to
be entitled in every other respect to receive it, "illegally procured"
because he failed to attach to his petition for naturalization a cer-
tificate from the Department of Commerce and Labor stating the
date, place, and manner of his arrival in the United States? This is
the only question it is necessary to decide in order to dispose of this
case, although many others are discussed in the briefs of counsel.
The question arises in this way: Section 4 of the Act of June 29,

1906, 34 Stat. 596, 597, U. S. Comp. Stat. 1913, § 4352, provides that an alien may be admitted to become a citizen of the United States in the following manner, and not otherwise, and then prescribes many things that he shall do, among them that he shall file a petition in writing signed by him in his own handwriting and duly verified, in which petition he shall state his full name, his place of residence, his occupation, if possible, the date and place of his birth, the place from which he emigrated, the date and place of his arrival in the United States, and, if he entered through a port, the name of the vessel on which he arrived, and more than a dozen other facts, and that at the time of filing his petition there shall be filed with the clerk of the court a certificate from the Department of Commerce and Labor "stating the date, place, and manner of his arrival in the United States, * * * which certificate * * * shall be attached to and made a part of said petition." Section 15 of the same act imposes upon the United States attorney for the district in which the naturalized citizen resides the duty, upon good cause shown, to institute proceedings to set aside and cancel any certificate of citizenship obtained by him "on the ground of fraud or on the ground that such certificate of citizenship was illegally procured."

Under this section the United States brought this suit in equity and alleged in its complaint that on May 21, 1912, the district court of Palo Alto county, Iowa, rendered a decree admitting Ness to citizenship and issued to him a certificate of his admission, that the certificate was procured by fraud, and that it was illegally procured in that the certificate of arrival by the Department of Commerce and Labor was not attached to the petition. In his answer to the complaint Ness denied the alleged fraud, admitted that the certificate of arrival was not filed with or attached to the petition, and alleged that the United States appeared and litigated the issue of the sufficiency of his petition and his right to admission to citizenship notwithstanding his failure to attach the certificate of entry, and the court of Palo Alto county, after a hearing, adjudged both questions in his favor. At the hearing in the court below, the parties agreed that prior to the hearing on the petition for the naturalization of Ness in the district court of Palo Alto county, M. R. Bevington, Chief Naturalization Examiner of the Department of Commerce and Labor, for and on behalf of that department, and at its direction, filed a motion in which he stated that the petition should not be granted because it was not supported by a certificate of arrival, and cited authorities which he contended supported his position, and requested a dismissal of the petition, that the Iowa court considered that motion and the authorities quoted at the time the petition came on for hearing, and overruled it, that at that hearing Ness testified that he emigrated from Norway, arriving at Newcastle in Canada about June 11, 1906, that he did not know that the laws of the United States required him to submit to a medical examination, pay an alien head tax, or be registered on entering this country, that he took passage on the Grand Trunk Railway, arrived in Buffalo, where he first entered the United States, on August 21, 1906, remained on the train, passed through

Buffalo into Canada and again entered the United States through some port in Michigan, that he saw no person who was or purported to be an emigration commissioner until after he filed his petition for naturalization in March, 1912, that before it was heard he was advised that it was invalid because it had no certificate of arrival attached, and he made an effort to procure such a certificate and was advised that it could not be furnished to him for the reason that there was no record of his entry into the United States. No evidence was presented at the hearing below of any fraud, misrepresentation, or deceit in the course of the proceedings in the Iowa court. There was no evidence that the proof before that court was not competent and ample to warrant its judgment, unless the absence from the petition of the certificate of arrival was fatal to that judgment, and the court below held, as did the Iowa court, that it was not so and rendered a decree of dismissal of the complaint of the United States.

[1] Counsel for the United States contend that the decision of the court below was erroneous and should be reversed (1) because the absence of the certificate of arrival deprived the district court of Iowa of all jurisdiction of the suit of Ness for admission to citizenship and (2) because the absence of this certificate of arrival caused the certificate of citizenship to be "illegally procured." The test of jurisdiction is not right decision, but the right to enter upon the inquiry and make some decision. The Iowa court had complete jurisdiction of the person of Ness when he filed his petition. Jurisdiction of the subject-matter is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power. It is not confined to cases in which the particular facts constitute a good cause of action or ground for relief, but it includes every issue within the scope of the general power vested in the court by the law of its organization to deal with the abstract question. It is not limited to making correct decisions. It empowers the court to determine every issue of law and of fact within the scope of its authority according to its own view of the law and the evidence, whether its decision is right or wrong. Foltz v. St. Louis & S. F. Ry. Co., 60 Fed. 316, 318, 8 C. C. A. 635; Insley v. United States, 150 U. S. 512, 14 Sup. Ct. 158, 37 L. Ed. 1163; Cornett v. Williams, 20 Wall. 226, 22 L. Ed. 254; Des Moines Nav. & R. Co. v. Iowa Homestead Co., 123 U. S. 552, 8 Sup. Ct. 217, 31 L. Ed. 202; In re Sawyer, 124 U. S. 200, 221, 8 Sup. Ct. 482, 31 L. Ed. 402; Skillern v. May's Ex'rs, 6 Cranch, 267, 3 L. Ed. 220; McCormick v. Sullivant, 10 Wheat. 192, 6 L. Ed. 300; Hunt v. Hunt, 72 N. Y. 217, 28 Am. Rep. 129; Colton v. Beardsley, 38 Barb. (N. Y.) 30, 52; Otis v. Rio Grande, 1 Woods, 279, Fed. Cas. No. 10,613; Hamilton v. Railroad Co., 1 Md. Ch. 107; Evans v. Haefner, 29 Mo. 141, 147; State v. Weatherby, 45 Mo. 17; Rosenheim v. Hartsock, 90 Mo. 357, 365, 2 S. W. 473; State v. Southern Ry. Co., 100 Mo. 59, 13 S. W. 398; Hope v. Blair, 105 Mo. 85, 93, 16 S. W. 595, 24 Am. St. Rep. 366; Musick v. Railway Co., 114 Mo. 309, 315, 21 S. W. 491; King v. McAndrews, 111 Fed. 860, 863, 864, 50 C. C. A. 29.

The Iowa court was a court of general jurisdiction vested with plenary judicial power to determine all the issues in the proceedings of which it was given jurisdiction, including the questions relating to the lawfulness, sufficiency, form, and propriety of pleadings and procedure in such proceeding. Constitution of Iowa, art. 5, § 6; Code of Iowa 1897, § 3600. Upon this court of general jurisdiction the Congress of the United States, by section 3 of the act of June 29, 1906, conferred full judicial power "to naturalize aliens as citizens of the United States," not on condition that the certificate of the Department of Commerce and Labor of his arrival should be filed with and attached to the petition of the alien, but generally and without any such narrow and technical condition. When therefore the applicant, Ness, filed his petition in that court to be admitted as a citizen of the United States, the judicial power was conferred and the duty was imposed upon the Iowa court to hear and decide, not only whether or not his petition and his procedure were sufficient, not only whether or not the absence of the certificate of entry was excused by the proved fact that none was ever issued because he did not know one was required when he entered and the Department of Commerce and Labor had no knowledge when he entered, but also whether or not such an absence was fatal to his right to be admitted as a citizen, and also every other question as to his petition and procedure and as to his qualifications for admission which it was necessary for that court to decide in order to determine the ultimate question whether or not he was entitled under the acts of Congress to be admitted as a citizen.

An insufficient complaint at law, or a defective petition in bankruptcy, accompanied by proper service of process on the defendants, gives jurisdiction to the court to determine the questions involved in the suit, although it may not contain averments which entitle the complainant to any relief, or may not be accompanied by some copy or certificate required by a statute or rule of court. Facts indispensable to a favorable adjudication or decree include all those requisite to state a good cause of action, and they comprehend many that are not essential to jurisdiction of the suit or proceeding. The only facts which conditioned the jurisdiction of the Iowa court to hear and determine the questions relative to the admission of Ness to citizenship were his preparation and filing of his petition in that court asking its issue of a certificate of citizenship to him, and this is equally true, although there was some technical or amendable defect in his petition or procedure, as long as the petition stated substantial cause for his admission to citizenship. In re Plymouth Cordage Co., 135 Fed. 1000, 1004, 68 C. C. A. 434, 438; In re First National Bank, 152 Fed. 64, 69, 81 C. C. A. 260, 265, 11 Ann. Cas. 355.

The result is that the absence of the certificate of entry did not condition the jurisdiction of the Iowa court to hear and determine every material issue presented by Ness on his petition to be admitted as a citizen. The provision of the act of Congress requiring the certificate to be filed and made a part of the petition is like the requirements of the statutes of Iowa that every party on filing any petition shall file with it one plain copy thereof for the use of the adverse party (Code of Iowa 1897, § 3558); that every petition must contain after

the names of the parties the words "petition at law" or "petition in equity"; and that each division of the petition in equity shall be separated into paragraphs numbered as such (section 3559). Such requirements are not jurisdictional, but relate merely to the form of pleadings and proceedings.

[2] We turn to the second question: Was Ness' certificate of citizenship "illegally procured" within the meaning of section 15 of the Act of June 29, 1906, because his petition was not accompanied with a certificate from the Department of Commerce and Labor stating the date, place, and manner of his arrival in the United States? This is a suit in equity to cancel this certificate on the ground that this question should be answered in the affirmative, and this suit must be considered and decided in accordance with the rules and principles of equity jurisprudence applicable to cases of this nature. Luria v. United States, 231 U. S. 9, 28, 34 Sup. Ct. 10, 58 L. Ed. 101. Section 15, says the Supreme Court, "makes no discrimination between the rights of naturalized and native citizens, and does not in any wise affect or disturb rights acquired through lawful naturalization, but only provides for the orderly cancellation, after full notice and hearing, of certificates of naturalization which have been procured fraudulently or illegally. It does not make any act fraudulent or illegal that was honest and legal when done, imposes no penalties, and at most provides for the annulment, by appropriate judicial proceedings, of merely colorable letters of citizenship, to which their possessors never were lawfully entitled." 231 U. S. 24, 34 Sup. Ct. 14 [58 L. Ed. 101]. The court below and the Iowa court considered the question here at issue under the evidence produced, and reached the conclusion that this certificate of naturalization was not illegally procured, and the decision of the chancellor below must be presumed to be correct and may not be lawfully disturbed or reversed unless it clearly appears that some obvious error of law has intervened or some serious mistake of fact has been made. Tilghman v. Proctor, 125 U. S. 136, 8 Sup. Ct. 894, 31 L. Ed. 664; Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355, 32 L. Ed. 764; Coder v. Arts, 152 Fed. 943, 946, 82 C. C. A. 91, 94, 15 L. R. A. (N. S.) 372, and cases there cited.

[3, 4] "A court of equity can act only on the conscience of a party; if he has done nothing that taints it, no demand can attach upon it, so as to give any jurisdiction." Boone v. Chiles, 10 Pet. 177, 210, 9 L. Ed. 388; Illinois Trust & Sav. Bank v. City of Arkansas City, 22 C. C. A. 171, 193, 76 Fed. 271, 293, 34 L. R. A. 518; United States v. Winona & St. Peter R. Co., 15 C. C. A. 96, 108, 67 Fed. 948, 960; United States v. Northern Pacific R. Co., 95 Fed. 864, 880, 37 C. C. A. 290, 306. Ness entered this country without any notice or knowledge that the certificate of entry was required and as the officers of the Department of Commerce and Labor did not know when he entered they could not give him a certificate on their own knowledge, and if one were given it must be on his statement, or on the statement of some other witness who knew. Ness possessed every essential qualification for admission to citizenship. He had declared his intention to become a citizen and to renounce his allegiance and fidelity to any foreign

sovereignty two years before he applied for admission to citizenship. He satisfied the court by the testimony of witnesses that he had resided in the United States five years, that during this time he had behaved as a man of good moral character attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the same. He declared on oath, at the time of his admission, that he would support the Constitution of the United States, and that he abjured all allegiance and fidelity to every foreign sovereignty. He proved all these facts in the Iowa court and in the court below. He was frank and truthful, and he submitted to those courts on this evidence the question whether or not he could be legally admitted to citizenship, and they both decided that he could be. There was certainly nothing in all this to taint the conscience of the applicant, or to induce a court of equity to act to cancel his certificate.

Moreover, the filing of the certificate of entry was not, like the declaration of intention, the proof of moral character, the renunciation of allegiance, the residence of five years, an essential qualification of admission to citizenship. It was but a matter of mere form of procedure. He alleged in his petition for admission, and proved before the Iowa court, every fact required to be stated in the certificate of entry. He pleaded and proved the date, place, and manner of his arrival in the United States. The certificate of entry, therefore, could have neither added to nor detracted from the right of the applicant to admission to citizenship. It never could have been the intention of Congress to deprive an applicant who had all the essential qualifications for admission to citizenship of that privilege by a mere failure to comply with such a requirement of mere form of the petition or procedure. Even if the Iowa court had made a mistake in failing to require the certificate as a condition of its decree, that mistake would have been a mere irregularity, not an illegality; it would have been a mere mistake in the exercise of its lawful discretion as to the form of the petition and the procedure. There is a wide difference between a mistaken disregard of a provision with reference to the form of pleadings, or the manner of procedure, which are always largely in the discretion of the trial court, and a mistaken disregard of the requirement of an essential qualification of admission to citizenship, such as the declaration of intention, the residence in the United States for five years, the renunciation of allegiance to any foreign sovereignty. The former is a mere irregularity; the latter an illegality. Illegality signifies that which is contrary to the established principles of the law. There was nothing contrary to the established principles of the law in the issue of his certificate of citizenship, to an applicant who had every essential qualification of citizenship, although the certificate of entry which was material only to the date, place, and manner of his arrival, all of which were truthfully pleaded and conclusively proved otherwise, was not attached to his petition. On the other hand, to have denied his petition on that ground would have been a travesty of justice. The power was conferred, and the duty was imposed on the Iowa court to adjudge whether or not this applicant should be

admitted on the evidence before it which proved the date, place, and manner of the applicant's arrival, his possession of the essential qualifications to entitle him to admission as a citizen, and that the reason why he did not file a certificate of his entry was that he entered in ignorance of any requirement of his registry, and that the officers of the Department of Commerce and Labor did not know when he entered, had no record of it, and could not on their own knowledge give the certificate. That court decided that he was entitled to admission, although he had not filed or attached to his petition a certificate of entry. In our opinion that opinion was just and right, and the certificate of citizenship to Ness was not illegally procured. Similar conclusions have been reached in some of the District Courts. United States v. Stoller, 180 Fed. 910, 912; In re Schmidt, 207 Fed. 678, 681; In re McPhee, 209 Fed. 143; In re Pick, 209 Fed. 999.

The decree which dismissed the complaint of the United States is affirmed.