In re TITONE.

(District Court, E. D. New York. June 2, 1916.)

ALIENS ☞68—NATURALIZATION—COMPLIANCE WITH LAW.

Naturalization Act June 29, 1906, c. 3592, § 1, 34 Stat. 596 (Comp. St. 1913, § 963), declares that it shall be the duty of the Bureau of Immigration and Naturalization to cause a registration of each alien arriving in the United States, and that it shall be the duty of the Commissioner to cause to be granted to each alien a certificate of such registration. Section 31 declared that this section should go into effect at once, while section 4, subd. 2 (Comp. St. 1913, § 4352), declares that at the time of filing his petition of naturalization there shall be filed with the clerk of the court a certificate giving the date, place, and manner of arrival of the alien, and that the declaration of intention shall be used within seven years after making. An applicant for citizenship, who landed July 25, 1906, filed a declaration of intention November 26, 1906, wherein he stated that his arrival was on June 28, 1906. His petition for final papers was filed November 22, 1913. *Held* that, since, through mistake in the declaration of intention, the clerk did not require the applicant to get and file the certificate, the alien's petition for final papers will not be denied; a certificate of landing being furnished before the hearing on

the petition for final papers, particularly as any other holding would necessitate a new declaration of intention.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. ☞68.]

In the matter of the application of Vito Titone for admission to citizenship. Applicant admitted to citizenship.

Petitioner, in pro. per.

Melville J. France, U. S. Atty., and Henry W. Beer, Asst. U. S. Atty., both of Brooklyn, N. Y., for the United States.

CHATFIELD, District Judge. The applicant appears to be competent and has produced satisfactory witnesses. He has two sons, the eldest of whom is 15 years of age, who were born in Italy, but are now in the United States. He landed in the United States upon July 25, 1906, on the steamer Francesco. He filed a declaration of intention November 26, 1906, and a petition for final papers on November 22, 1913. He stated in his petition that the date of his arrival in the United States was June 28, 1906, following the date which was shown in his first papers, and which was so given therein through uncertainty as to the actual date of arrival. The clerk accepted the petition without a certificate from the Department of Labor or the Commissioner of Immigration of that Department, as the stated date of arrival preceded the 29th day of June, 1906, upon which the naturalization law was passed.

Section 31 of the law provides that the act shall take effect 90 days after passage, but also provides that section 1 shall go into effect immediately, and by this every alien arriving after the passage of the act must be registered, and is given the right to receive a certificate such as must be used under section 4 when applying for citizenship. Section 4 of the statute (subdivision 2) provides that "at the time of filing his petition there shall be filed with the clerk of the court a certificate" giving the date, place and manner of arrival, etc.; and section 4 of the act (subdivision 2, last paragraph) requires the use of the declaration of intention within seven years after making such declaration.

A denial of the present application, because of failure to comply with the mandatory provision for presenting a certificate of arrival with the petition, would make it impossible for the alien to reapply upon his present declaration of intention, and would require him to take out a new declaration and wait two years. There is nothing to show that the applicant intentionally antedated the date of arrival, and the mistake, if it occurred, was made at the time when the declaration of intention was filed. He could not then have been planning to avoid getting a certificate seven years later.

Under the authority of United States v. Ness, 230 Fed. 950, it would seem that the failure to file a certificate of landing may be cured as an irregularity, and hence in this case the actual presentation and filing of a proper certificate before the original date of hearing would be sufficient.

The applicant may have his papers.