## In re VON BERNHARDI.

(District Court, E. D. New York. June 22, 1916.)

ALIENS ☞68—NATURALIZATION—RIGHT TO—DECLARATION OF INTENTION.

Naturalization Act June 29, 1906, c. 3592, § 3, 34 Stat. 596 (Comp. St. 1916, § 4351), declares that the naturalization jurisdiction of all courts specified, state, territorial, and federal, shall extend only to aliens resident within the respective judicial districts of such courts. Section 4 (Comp. St. 1916, § 4352) provides that an alien may be admitted only by complying with certain acts, of which one is to declare on oath before the clerk of any court authorized to naturalize aliens, or his authorized deputy, in the district in which such alien resides, two years at least prior to his admission, his intention to become a citizen and various other matters, including his present place of residence in the United States. An applicant filed a declaration of intention in the Southern district of New York while temporarily sojourning in that district, and in the absence of himself and his wife from his home, which was in the Eastern district of New York. It appeared that the applicant, understanding that he had a legal right to claim as his residence the place where he was actually living for a short time, gave in his first papers the residence of his brother-in-law. *Held* that, in view of the rule that jurisdiction attaching to a court upon the filing of a final petition is not thereafter lost by the removal of the alien from that jurisdiction, and as the requirement that an alien state his residence in his declaration of intention is for the purpose of determining which clerk shall be entitled to fees, and to enable authorities to verify the statements of the alien as to his movements in the interim, the error made by the alien in his statement as to his residence does not warrant the rejection of his declaration of intention and necessitate a denial of the petition for admission to naturalization.

At Law. In the matter of the application of Botho Von Bernhardi to become a citizen of the United States. Application granted.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Melville J. France, U. S. Atty., of Brooklyn, N. Y., for the United States.

Botho Von Bernhardi, in pro per.

CHATFIELD, District Judge.    It appears that the applicant filed a declaration of intention in the Southern district of New York, while temporarily sojourning in that district, and in the absence of both himself and his wife from his home, which was within the ·Eastern district of New York.   It appears from the record that the applicant made the statement in the first papers that he resided at 230 East Eighty-Third street, New York, which was the address of his brother-in-law, and that when he swore to this statement he intended to make a truthful statement, and understood that he had the legal right to claim as his residence the place where he was actually living for a short period.

Under section 3 of the Naturalization Law, the jurisdiction to naturalize extends only to aliens resident within the respective judicial districts of the court entertaining the proceedings.

It has been held in the case of United States v. Fokschauer, 184 Fed. 990, 106 C. C. A. 668, that this jurisdiction attaches to the court upon the filing of a final petition, and is not thereafter lost by the removal of the alien from that jurisdiction.   By section 4 it is provided that an alien may be admitted only by complying with certain acts, of which one is to declare "on oath before the ·clerk of any court authorized by this act to naturalize aliens, or his authorized deputy, in the district in which such alien resides, two years at least prior to his admission," various matters, including "the present place of residence in the United States of the said alien."

If the words should be construed strictly, this would mean that the alien must declare his intention in the district in which he subsequently had a residence and where he would take out final papers; but such interpretation would be ridiculous, and it is apparent that the purpose of the section is to require from the alien at the time of declaring his intention a true statement in order that petitions for which a fee is charged shall be presented to the clerk of the district entitled to the fee, and so that the statements of the alien or his movements during the period in question can be subsequently verified.

If at least two years after filing the declaration of intention and when the alien was present in court, upon a petition showing his address at that time, the government should need to investigate the alien, there would be no purpose in holding that he should not be allowed to give testimony as to the residence which he had claimed two years before.   It is evident that the provision is like that held to be regulatory (and mandatory in the sense only that it must be complied with in form) in the case of United States v. Ness, 230 Fed. 950, 145 C. C. A. 144, Ann. Cas. 1917C, 41, decided in the Circuit Court of Appeals for the Eighth Circuit.   Unless there is evidence to indicate that the alien was intentionally guilty of making a false oath, in giving as his residence, in the declaration of intention, a place which might not be held to be his "legal" residence, but which he in good faith intend-

ed to claim as such at the time, and unless the government can show that this unintentional false oath was of such a nature as to indicate that the petitioner was not of good moral character, there is no reason why the applicant should now be deprived of the benefit of his honest and sincere declaration of intention to disavow allegiance to his former sovereign.

The declaration in form complied with the statute and has had no effect other than to leave in the hands of the clerk of one district the filing fee which might properly have been claimed by the clerk of another. The government is still entitled to any necessary adjournment, if it thinks that the facts can be shown to be other than as they appear upon the record, but unless such adjournment is requested, the application should be granted.

The alien may be admitted to citizenship.