### In re ELLINGSEN.

(District Court, N. D. California, First Division. June 11, 1924.)

#### No. 5873.

1. Aliens ⬥68—Naturalization; exemptions in favor of aliens serving in military or naval forces or merchant marine.

Under Naturalization Act 1906, § 4 (7), as amended by Act May 9, 1918, §§ 1–3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919 § 4352), an alien who has served in the military or naval forces or the merchant marine, on application for admission to citizenship, is exempted from proving residence in the United States for five years only in case he is unable to establish such residence; but his ability to prove such residence does not deprive him of the right to file his petition under that subdivison, with the benefit of the other exemptions contained therein, including the right to an immediate hearing after filing his declaration of intention.

2. Statutes ⬥217—Committee reports may be examined where statute is ambiguous.

Where provisions of a statute are ambiguous, the court may look to the reports and explanatory statements of the committees in charge of the bill, in the course of its passage, to ascertain the legislative intent.

Naturalization Hearing. On petition of Emanuel Ellingsen to be naturalized as a citizen of the United States. Petition dismissed without prejudice.

Emanuel Ellingsen, in pro. per.

F. S. Becker, of San Francisco, Cal., U. S. Naturalization Examiner, for the United States.

KERRIGAN, District Judge. This is a petition for naturalization, filed under the seventh subdivision of section 4 of the Act of June 29, 1906, as amended by the Act of May 9, 1918. Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352. The petitioner has been employed as a

---

deck hand on ferryboats operating on the Bay of San Francisco for upwards of five years. He admits that he would have no difficulty in proving by witnesses five years' residence within the United States. For this reason the representative of the Bureau of Naturalization contends that petitioner is not entitled to file under subdivision 7, but must file under the general provisions of section 2 of the Naturalization Act. 34 Stat. 596.

[1] That part of subdivision 7 pertinent to this inquiry provides as follows:

"* * * Or any alien * * * who has enlisted or entered or may hereafter enlist in or enter the armies of the United States, * * * or who has served for three years on board of any vessel of the United States government, or for three years on board of merchant or fishing vessels of the United States of more than twenty tons burden, and while still in the service on a reenlistment or reappointment, or within six months after an honorable discharge or separation therefrom, * * * may, on presentation of the required declaration of intention petition for naturalization without proof of the required five years' residence within the United States if upon examination by the representative of the Bureau of Naturalization, in accordance with the requirements of this subdivision it is shown that such residence cannot be established; * * * and any petition for naturalization filed under the provisions of this subdivision may be heard immediately, notwithstanding the law prohibits the hearing of a petition for naturalization during thirty days preceding any election in the jurisdiction of the court."

As it appeared from his examination before the Naturalization Examiner that petitioner was able to prove five years' residence within the United States, he must now make such proof. There is no escape from the language of the statute, wherein it is clearly stated that seamen may petition "without proof of the required five years' residence within the United States if upon examination by the representative of the Bureau of Naturalization * * * it is shown that such residence cannot be established." But as there are other privileges given to seamen in subdivision 7, besides that of petitioning without proof of five years' residence, the further question arises: Can a seaman file his petition under this subdivision, even though he is able to prove five years' residence. I am of the opinion that he can, and that, fairly construed, this subdivision means (1) that a seaman, as well as the other classes mentioned in this subdivision, may file his petition under the seventh subdivision and get an immediate hearing; and (2) that he need not prove residence within the United States for five years, unless upon examination it appears that he is able to do so.

[2] A careful consideration of the report of the committee which reported this bill to Congress will show that the legislative intent is best subserved by such an interpretation. This section being ambiguous and obscure, in so far as we cannot tell whether petitioner's inability to prove five years' residence is in every case an absolute condition to filing under this subdivision, we are entitled to look to the reports and explanatory statements of the committees in charge of the bill in the course of passage as an exposition of the legislative intent. Duplex Printing Press Co. v. Deering, 254 U. S. 443, 41 Sup. Ct. 172, 65 L. Ed. 349, 16 A. L. R. 196; Holy Trinity Church v. U.

S., 143 U. S. 457, 12 Sup. Ct. 511, 36 L. Ed. 226; Heydenfeldt v. Daney Gold, etc., 93 U. S. 634, 23 L. Ed. 995. In its report to the House of Representatives on House Bill No. 11518 (this bill was later incorporated as an amendment to the bill, which was subsequently passed and enacted as the Act of May 9, 1918) the committee said in part:

"* * * The seventh subdivision has been prepared for the purpose of unifying the rule of exemptions extended to certain aliens who have received military training in the armies of the United States and the Philippine Islands as well as those serving in vessels of the United States government and the American merchant marine. * * * For all of these classes of cases the seventh subdivision provides that a petition of naturalization may be filed in the most convenient court, *and be heard without the usual delays necessitated under the general provisions of the naturalization law and without the usual proof of residence in the United States required of aliens to whom no exemptions from the general provisions of the naturalization law have been extended.* Because of this special method of naturalization the subdivision requires the appearance of those candidates before a representative of the Bureau of Naturalization before filing their petitions for naturalization in the office of the clerk." 56 Congressional Record, p. 6022, 65th Congress, 2d Sess.

It is clear from this statement that Congress intended to confer two distinct rights or privileges upon seamen, as well as the other aliens mentioned in the subdivision: First, the privilege of coming in without the usual delays; and, secondly, without proof of residence within the United States for a period of five years. It will be noticed that the report of the committee does not mention the limitation which appears in the statute, that petitioner, if he can, must prove five years' residence. Some support is also lent to the view that this limitation may have been inserted inadvertently from the fact that such a limitation does not appear in any of the previous acts relating to the admission of alien soldiers and seamen (see R. S. § 2174, Comp. Stat. Ann. 1916, § 4357), while in another part of the committee report from which I have just quoted it is stated that subdivision 7 was intended as a general codification of the several exemptions that are extended to aliens who serve in the military and naval forces and in the American merchant marine.

In so far as it introduces a new element into the right of alien seamen to be naturalized, this section is certainly more than a mere codification of existing statutes. But as the language of the statute in this respect is unambiguous, we cannot go beyond its letter to ascertain the true intent of Congress. We are, however, for the reasons above stated, entitled to go beyond the words of the statute, to ascertain whether or not Congress intended that only those aliens who were unable to prove five years' residence within the United States should file their petitions under the seventh subdivision. And, to repeat, the committee report to which reference has been made shows that Congress intended to grant several privileges to these classes of aliens, and that the right to claim any one privilege was not conditioned upon the right to claim all of them.

It may well be that, under the facts of the instant case, petitioner does not come within the spirit of the act, and that he would not be put

to any hardship if he were required to file under the general law; but, as this court has held that a ferryboat engaged in interstate commerce is a merchant vessel within the meaning of subdivision 7, petitioner falls within the letter of the subdivision, and of course is entitled to its benefits.

The petitioner having failed to produce at the hearing two witnesses who have known him for five years, and it having appeared at the examination that he could have done so, the petition is dismissed, but, for the reasons above stated, without prejudice to the petitioner's filing a new petition under subdivision 7.