In re OLSEN. In re KOCH. In re ROSE. In re ESTELLER. In re MUNZ.

(District Court, N. D. California. S. D. February 26, 1927.)

Nos. 8972, 6884, 8088, 9004, 6675.

**I. Aliens ⬷68(2, 3, 4)—Petitioners for naturalization, including seamen, must have been inspected and registered on entry, and must file certificate of registry and declaration of intention with petition (Naturalization Act, §§ I, 4, subd. 2, par. 4, as amended [Comp. St. §§ 963, 4352]).**

Under Naturalization Act 1906, §§ 1, 4, subd. 2, par. 4, as amended (Comp. St. §§ 963, 4352), two prior acts are essential to a valid petition for naturalization: (1) Inspection and registration on arrival; and (2) the filing with the petition in the office of the clerk of the court of a certificate of arrival and the declaration of intention; and these requirements apply to all petitioners, including seamen.

**2. Aliens ⬷68(4)—Petitioner for naturalization who entered since taking effect of quota law, must show lawful entry under its provisions (Comp. St. §§ 4289½–4289½d).**

Alien seamen, who arrived in the United States prior to June 3, 1921, when the Quota Law (Comp. St. §§ 4289½–4289½d) became operative, on irregular certificates, and have paid their head tax, may be admitted to citizenship on proof of requisite facts; but those arriving after that date must show by regular certificate that they were within the quota number.

**3. Aliens ⬷68(2)—Alien cannot be admitted to citizenship on declaration antedating certificate of arrival.**

Alien cannot be admitted to citizenship on a declaration of intention bearing date earlier than his certificate of arrival.

**4. Aliens ⬷66—Alien applying for naturalization as American seaman must have been resident for five years (Comp. St. § 4360).**

Naturalization Act 1906, § 4, amended by Act May 9, 1918, by adding subdivision 7 (Comp. St. § 4352), providing, inter alia, for naturalization of alien seamen who have served for 3 three years in American vessels, does not repeal Rev. St. § 2170 (Comp. St. § 4360), requiring 5 years' residence, and the right to naturalization is defeated by affirmative proof that applicant has not been a resident for such time.

**5. Aliens ⬷66—Ferryboat engaged in interstate commerce held "merchant vessel," within meaning of statute for naturalization of alien seamen (Naturalization Act 1906, § 4, as amended by Act May 9, 1918, § I, by adding subdivision 7 [Comp. St. § 4352]).**

A ferryboat engaged in interstate commerce is a "merchant vessel," within naturalization Act 1906, § 4, amended by Act May 9, 1918, § 1, by adding subdivision 7 (Comp. St. § 4352), making special provision for naturalization for alien seamen serving on merchant vessels of the United States.

Petitions for naturalization by Aage Falk Olsen, one Koch, Harold Rose, Joaquin Esteller, and Michael Munz. Petition of Esteller granted, and other petitions denied.

ST. SURE, District Judge. In each of these cases the petitioner is applying as a seaman to be made a citizen under the Naturalization Act of 1906 (34 Stat. 596). There are several questions involved herein; one of them, viz. that concerning the matter of certificate of arrival and inspection by the immigration department, being of much importance. In view of the frequency with which these questions arise, and in order to facilitate the disposition of this class of cases, the court deems it proper to express in writing the reasons for its conclusions in those now before us.

[1] The Act of June 29, 1906, as amended (Comp. St. § 963), provides for the registering of and the issuance of certificate of arrival to all aliens arriving in the United States from and after the passage of the act, "and it shall be the duty of said Commissioner of Immigration to cause to be granted to such alien a certificate of registry," with the particulars thereof. Paragraph 4 of the second subdivision of section 4 of the aforesaid act (Comp. St. § 4352) contains this provision:

"At the time of filing his petition there shall be filed with the clerk of the court a certificate from the Department of Commerce and Labor, if the petitioner arrives in the United States after the passage of this act [that is, on and after June 29, 1906], stating the date, place, and manner of his arrival in the United States, * * * which certificate * * * shall be attached to and made a part of said petition."

From these several provisions of the law it is plain that two prior acts are essential to a valid petition for naturalization: (1) Inspection and registration upon arrival; (2) the filing with the petition for citizenship in the office of the clerk of the court of a certificate of arrival and the declaration of intention.

It is equally clear that the Act of June 29, 1906, requiring inspection and registration, applies to all who desire to acquire legal residence in the United States and to become naturalized citizens thereof (In re Eberhardt [D. C.] 270 F. 334; U. S. v. Ness, 245 U. S. 319, 38 S. Ct. 118, 62 L. Ed. 321), including seamen; In re Hollo [D. C.] 206 F. 852; In re Jensen [D. C.] 11 F.[2d] 414; In re Connal [D. C.] 8 F.[2d] 374). In the last case it was held that a certificate of arrival of an alien seaman permitting him to land under the Immigration Law of 1917, § 33, thereof (Comp. St. § 4289¼rr), as an alien intending to reship, was insufficient as the basis of a petition for naturalization, notwithstanding that the alien, due to lapse of time, could not be deported under section 34 of said Immigration Law (Comp. St. § 4289¼s), in that the alien was not a resident of the United States when he attempted to make his declaration of intention, which was invalid by reason thereof, and that an alien seaman is not relieved from proof, by a certificate of arrival, that he had been admitted to permanent residence in this country, or that he was a resident when his declaration of intention was filed.

In Re Jensen it was held that an alien, applying for naturalization under the Act of June 29, 1906, as amended May 9, 1918 (Comp. St. §§ 4352–4352aa, 4369, 4382), who unlawfully entered the country without examination and formal admission, and without paying head tax, is incapable of acquiring legal residence on which to predicate a valid declaration of intention, and is not entitled to citizenship.

The requirements of the law surrounding certificates of arrival were for a time broadly construed, and there are four cases which are in conflict with those just cited, namely, In re Schmidt (D. C.) 207 F. 678; In re McPhee (D. C.) 209 F. 143; In re Pick (D. C.) 209 F. 999; In re Titone (D. C.) 233 F. 175. But these cases have been deprived of any authority by the opinion of the Supreme Court in the case of U. S. v. Ness, 245 U. S. 319, 322, 38 S. Ct. 118, 62 L. Ed. 321, where it held that the certificate of arrival prescribed by section 4, subd. 2, of the Naturalization Act, is an essential prerequisite to a valid decree or order of naturalization; that it is a matter of substance, and is indispensable to the filing of a petition; and that it is designed to prevent aliens from procuring illegal and fraudulent certificates of naturalization.

[2] In the past, owing perhaps to misunderstanding of the law on the subject by those concerned in its administration, discharged and deserting seamen, unprovided with proper certificates of arrival and inspection, have been permitted to file petitions and to be naturalized. This construction of the law and the practice thereunder had continued so long that seamen were led to believe that they were entitled to be naturalized on certificates of irregular entry. In view of the careful consideration that should be given the construction of a statute by executive officers, and in view of the law as to such seamen as laid down by the late Judge Partridge in the Linklater Case (D. C.) 3 F.(2d) 691, we are constrained to hold, as to seamen who arrived in the United States prior to June 3, 1921, on irregular certificates, and have paid their head tax, that they may be admitted to citizenship on proof of requisite facts. Such a position, however, is untenable as to seamen arriving in the United States after the restrictive quota law of June 3, 1921, became operative (Comp. St. §§ 4289½–4289½d) for at that time it may be said the world was put upon notice that then and thereafter immigrants, no matter what their calling might be, would have to come within the quota number established by Congress.

[3] Petitioner Aage Falk Olsen arrived as a seaman at the port of New Orleans on the steamship Manatee on June 2, 1921, as a member of the crew. He did not pay the immigration head tax and was not inspected. When he came to make application for naturalization at San Francisco, the Commissioner of Immigration at New Orleans upon request furnished a certificate showing arrival as above stated; such certificate carrying the following indorsement: "Member of crew; no record of discharge or desertion or legal admission." Upon being advised of the statement on said certificate of arrival, the petitioner immediately tendered the amount of head tax, $8, on November 5, 1925, which amount was accepted by the Naturalization Service on November 10, 1925. This petition was filed December 3, 1925. The next day the matter came on regularly before this court for hearing.

The petition should be dismissed for the reason that the declaration of the petitioner bears a date earlier than the date shown by the certificate of actual arrival into the United States. The declaration of intention is dated March 21, 1921, while the certificate shows entry as of June 2, 1921. Surely the alien could not file a valid declaration of intention until he had gained a residence in the United States. The law fixes residence

as one of the primary, jurisdictional requirements, and such residence in the United States must be made to appear both in a declaration of intention and in a petition for naturalization. For the reasons stated the declaration of intention is invalid. In re Jensen supra; In re Connal, supra.

However the entry into the United States, as shown in the certificate of arrival, having been made prior to the date on which the quota law became effective, to wit, June 3, 1921, the alien will be able to file a new declaration of intention at this time and upon the expiration of two years thereafter he will be entitled to file a new petition, for, as we have seen, the acceptance of the head tax money will be held to validate or legalize the questionable entry of June 2, 1921.

[4] In re Koch. The certificate of arrival shows entry of the alien as a seaman at the city of Mobile on the 23d day of June, 1921, with the notation: "No record of alien's desertion, or discharge, or legal inspection." Head tax of $8 was paid to the Naturalization Service September 19, 1925; the petition was filed the same date. This petition must be dismissed for two reasons: (1) The entry in the United States was after June 3, 1921, the date on which the first quota law became effective, to wit, June 23, 1921, and the certificate of arrival shows absence of inspection or legal entry into the United States; (2) section 2170, R. S. U. S. (Comp. St. § 4360) requires 5 years' residence in the United States immediately prior to date of petition, which applies to all aliens except women applying under the Act of September 22, 1922 (42 Stat. 1021). While Koch had 3 years' service on a merchant vessel, still he had not resided in this country 5 years.

Under the Naturalization Act of 1906, § 4(7), as amended, an alien who has served in the military or naval forces or the merchant marine, on application for admission to citizenship, is exempted from proving residence in the United States for 5 years only in case he is unable to establish such residence; but his ability to prove such residence does not deprive him of the right to file his petition under that subdivision, with the benefit of the other exemptions contained therein, including the right to an immediate hearing after his petition is filed. In re Ellingsen (D. C.) 300 F. 225.

In the Case of Sandstrom (D. C.) 14 F. (2d) 675, it affirmatively appeared from the records that the alien had not been a resident of the United States for 5 years, and the court held that the provision of the Naturalization Act just mentioned did not repeal section 2170, R. S. U. S., requiring 5 years' residence, and that the prima facie evidence of the certificate may be overcome and the right to naturalization defeated by proof that the alien has not resided in the United States for 5 years. In that case the court was concerned with a member of the Coast Guard, but what was said then is equally true with reference to a seaman, as both are provided for in the seventh subdivision of section 4. It was held in Ozawa v. U. S., 260 U. S. 178, 43 S. Ct. 65, 67 L. Ed. 199, that the act of May 18, 1918, did not repeal section 2169 (Comp. St. § 4358), and the same must be true as to the repeal of section 2170.

Harold Rose entered the United States, originally in the year 1920, served on American ships for nearly one year; then took service on a Norwegian ship in November, 1921, and returned to his native land, Norway, where he remained until he returned to the United States as a passenger, arriving in New York City on the 17th day of July, 1923. The certificate shows legal entry on that date. He has served on American vessels since then, but not the full 3 years required in the Seaman's Act (38 Stat. 1164). The petition must be dismissed on two grounds: (1) He will not have had a 5 years' residence in this country until the 17th day of July, 1928, and he cannot file a valid petition until after that date; (2) that all claim to residence in the United States was surrendered for the reason that the alien resided in Norway for approximately 20 months, and new residence and sea service on American ships must date from his return in July, 1923.

Joaquin Esteller's petition was filed December 7, 1926, based upon a declaration of intention filed at Pensacola on the 9th day of December, 1919, and a certificate of arrival showing entry at Pensacola on the 29th day of October, 1919, by desertion, and no record of legal admission. The head tax was accepted by the Naturalization Service July 6, 1926. Although the entry was irregular, Esteller should be admitted, in view of his entry before the enactment of the quota law and the acceptance of the head tax, which, for the reasons already stated, so far as this district is concerned, in effect legalizes his entry as of the date of October 29, 1919.

In re Munz. The certificate of arrival shows arrival of Michael Munz at San Pedro on April 9, 1924, as a seaman on the steamship Mojave, with this notation: "Exempt

from quota, Sec. 2, k. p. d. Act 4/19/21, as amended 5/11/22." Munz claims residence in the United States since 1914. His declaration of intention bears date of July 23, 1918. It appears that petitioner was never examined for entry in the United States before April 9, 1924, at San Pedro. Therefore he may not be naturalized prior to 5 years from date of such legal entry.

[5] We adhere to the position taken by the late Judge Partridge that a ferryboat engaged in interstate commerce is a merchant vessel, under the meaning of subdivision 7. In re Ellingsen (D. C.) 300 F. 225.

I am authorized by District Judge KERRIGAN to say that he concurs in this opinion.