## In re SANDSTROM.

(District Court, E. D. Virginia. November 2, 1925.)

**Aliens ☞65—Alien, who served three years in Coast Guard service, held not entitled to naturalization on affirmative proof that he had not been a resident for five years (Comp. St. §§ 4352, 4360).**

The provision of Act June 29, 1906, § 4, subd. 7, as amended by Act May 9, 1918, §§ 1–3 (Comp. St. § 4352), authorizing an alien who has served for three years in the Army, Navy, Coast Guard, etc., to petition for naturalization "without proof of the required five years' residence, if * * * it is shown that such residence cannot be established," and providing that his certificate of honorable discharge "shall be deemed prima facie evidence to satisfy all of the requirements of residence," did not repeal Rev. St. § 2170 (Comp. St. § 4360), requiring five years' residence, and the prima facie evidence of the certificate may be overcome, and the right to naturalization defeated, by proof that the alien has not resided in the United States for five years.

Petition for Naturalization. In the matter of the petition of Emil Sandstrom for naturalization. Dismissed.

GRONER, District Judge (orally). In the matter of petition for naturalization, No. 2411, petitioner, Sandstrom, who is now and for some time past has been an enlisted man in the United States Coast Guard, stationed at Norfolk, Va., applies for naturalization under subdivision 7, section 4, of the Act of June 29, 1906, as amended by the Act of May 9, 1918 (Comp. St. § 4352). The amendment provides a special procedure for the admission of an alien who has been honorably discharged from the United States Coast Guard. The subdivision referred to, after providing that the alien must make the regular declaration of intention, provides as follows:

"The honorable discharge certificate, * * * signed by a duly authorized officer, * * * shall be deemed prima facie evidence to satisfy all of the requirements of residence within the United States and within the state, * * * when supported by the affidavits of two witnesses, citizens of the United States, identifying the applicant as the person named in the certificate or honorable discharge."

Applicant has complied in all respects with these provisions of the law; that is to say, he has shown enlistment in the Coast Guard and an honorable discharge therefrom, as well as a re-enlistment not yet terminated. He has been duly identified by the two witnesses required by the statute, and, so far as character and personal qualifica-

tions are concerned, is entitled to citizenship. It appears, however, from records presented to the court, that he has not continuously resided in the United States for a term of five years, and that as a matter of fact he only arrived in the United States June 1, 1921. The question for determination is whether subdivision 7 of section 4, quoted above, repeals section 2170 of the Revised Statutes (Comp. St. § 4360), providing that:

"No alien shall be admitted to become a citizen who has not for the continued term of five years next preceding his admission resided within the United States."

I am clearly of opinion that the last-named statute is not repealed by the amendment of 1918. The last-mentioned statute makes an honorable discharge from the Coast Guard service "prima facie" evidence of all the conditions which the law requires for admission. It does not say that service in the Coast Guard and an honorable discharge therefrom shall in itself entitle an alien to admission as a citizen; and, if the fact otherwise appears by competent evidence that those conditions which are prerequisite to admission do not obtain, it necessarily follows that the prima facie case made by the certificate is overcome, and the case must be determined upon the facts as they really are.

Since the petition may only be granted when it appears that the petitioner has resided five years prior to its filing in the United States, and since it appears in this case that petitioner has not so resided five years continuously, the petition must be dismissed, with leave to petitioner to renew the same at any time after June 1, 1926.