In re MONSEN. In re OLSEN. In re EDBOM.

(District Court, W. D. Washington, N. D. December 24, 1925.)

Nos. 11132, 11122, 11142.

1. Aliens ☞66—Applications for citizenship by free white aliens, proving three years' service on United States merchant vessels and five years' residence, must be granted.

Under Act June 29, 1906, § 4, subd. 7, as amended by Act May 9, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352), applications for citizenship by free white aliens, proving service on United States merchant vessels for three years, and continuous residence within the United States for five years, as required by Rev. St. § 2170 (Comp. St. § 4352), must be granted.

2. Aliens ☞65—Application for citizenship by free white alien, proving honorable discharge from Coast Guard, and record of preliminary examination by naturalization officials, must be granted.

Under Act June 29, 1906, § 4, subd. 7, as amended by Act May 9, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352), application for citizenship by free white alien, proving enlistment in, and honorable discharge from, United States Coast Guard, and record of preliminary examination by representatives of Bureau of Naturalization, showing inability to establish five years' residence required by Rev. St. § 2170 (Comp. St. § 4352), must be granted.

Application by Jacob Hartvig Monsen, Ragnvald Olsen, and Erik Sven Elof Edbom for admission to citizenship. Applications directed to be granted on proof of certain facts.

Jno. Speed Smith, Chief Naturalization Examiner.

NETERER, District Judge. The petitioners are free white persons. The two seamen, Monsen and Olsen, have served three years on board of merchant or fishing vessels of the United States of more than twenty tons' burden, and application is made within six months after separation from such service. They have lived in the United States continuously since February, 1905, and December 2, 1919, respectively. The petitioner Edbom has served in the United States Coast Guard from December 5, 1924, to December 4, 1925, and was honorably discharged, and re-enlisted on the following day under special temporary enlistment for a period of one year. The petitioners have presented to the United States Naturalization Examiner the necessary witnesses to prove the preliminary examination as required by the Act approved May 9, 1918 (40 Stat. 542). Each of the petitioners has declared his intention to become

a citizen of the United States. The seamen can prove residence for five years, the Coast Guard service applicant for the period of his service.

The District Director of Naturalization has suggested that the Solicitor of the Labor Department has advised that section 2170, R. S. (Comp. St. § 4352) has not been repealed or modified by the seventh subdivision of section 4 of the Act of June 29, 1906, as amended May 9, 1918, supra, section 4352, Comp. St. 1918, Comp. St. Ann. Supp. 1919, which decision is approved by the Department, but that such opinion should not be construed as a decision on the right of an alien to submit his case to the court on a petition for naturalization for adjudication. The question for decision is, Can a seaman be admitted without the required notice, and may the Coast Guard applicant be admitted upon proof of one year's service?

The decision of the Solicitor of the Department is predicated upon Ozawa v. U. S., 260 U. S. 178, 43 S. Ct. 65, 67 L. Ed. 199. The author of the seventh subdivision no doubt knew what it meant at the time it was composed and enacted. This court has never attempted to define all of its provisions, nor is it now necessary. This subdivision defines several classes of aliens eligible to citizenship. So far as here concerned the act provides that—

"Any alien * * * not a citizen of the United States, of the age of twenty-one years and upward, who has enlisted * * * in the United States Coast Guard, or who has served for three years * * * on board of merchant or fishing vessels of the United States of more than twenty tons' burden, and while still in the service on a re-enlistment or reappointment, or within six months after an honorable discharge or separation therefrom * * * may, on presentation of the required declaration of intention petition for naturalization without proof of the required five years' residence within the United States if upon examination by the representative of the Bureau of Naturalization, * * * it is shown that such residence cannot be established."

This section explicitly provides that service in the Coast Guard, after honorable discharge, or on a United States merchant vessel, or fishing vessel of more than twenty tons' burden, for three years, makes an alien eligible for naturalization, if petition is filed during such service, or within six months after honorable discharge, or separation therefrom, without the required notice for the seamen,

but proof of five years' residence must be presented if able to do so, and identity established by two witnesses, and record of the preliminary examination by the representatives of the Bureau of Naturalization by the Coast Guard servant, which shall be prima facie evidence to satisfy the requirements of residence within the United States.

The issue here is not racial. In that it is distinguished from Ozawa v. U. S., 260 U. S. 178, 43 S. Ct. 65, 67 L. Ed. 199. In that case a soldier, not free white, ineligible to citizenship, unless qualified by another paragraph of subdivision 7, supra, which provides:

"Any alien serving in the military or naval service of the United States during the time this country is engaged in the present war may file his petition for naturalization without making the preliminary declaration of intention and without proof of the required five years' residence within the United States."

The Supreme Court, in distinguishing the racial status at page 193 (43 S. Ct. 67) said:

"It is not conceivable that Congress would deliberately have allowed the racial limitation to continue as to soldiers and seamen to whom the statute had accorded an especially favored status, and have removed it as to all other aliens. Such a construction cannot be adopted unless it be unavoidable."

And on page 194 (43 S. Ct. 68), Justice Sutherland, for the court, said:

"It is inconceivable that a rule in force from the beginning of the government, a part of our history as well as our law, welded into the structure of our national polity by a century of legislative and administrative acts and judicial decisions, would have been deprived of its force in such dubious and casual fashion." And concluded that section 2169 (Comp. St. § 4358) was not repealed or modified.

[1, 2] Section 2170, R. S., was not involved in that decision, and, from a reading of subdivision 7 it is obvious that the intent of the Congress was to make a special class of alien seamen engaged upon merchant vessels, and permit their naturalization upon proof of three years' service and residence, if five years' residence cannot be established, and aliens enlisted in the Coast Guard service, after honorable discharge and proof of preliminary examination by the representatives of the Bureau of Naturalization. It follows that the applications of the seamen must be granted upon proof of three years' service and continuous residence within the United States for five years, and the petition of the Coast Guard applicant upon proof of enlistment, honorable discharge, and preliminary record.