## In re RICHARDSON.

District Court, D. Oregon. June 29, 1927.

No. 5500.

Aliens ⇐65—Army service obviates necessity of proving five years' residence as condition to naturalization (Naturalization Act 1906, § 4, subd. 7, as amended by Act May 9, 1918, §§ 1–3 [Comp. St. § 4352]).

Under Naturalization Act 1906, § 4, subd. 7, as amended by Act May 9, 1918, §§ 1–3 (Comp. St. § 4352), an alien declarant, who has served three years in the army of the United States, has been honorably discharged and is serving a re-enlistment, and who is otherwise qualified for citizenship, may not be refused naturalization because of lack of residence for five years, where on his examination by the representative of the Bureau of Naturalization it is shown that such residence cannot be established.

Application of William Allen Richardson for admission to citizenship. Petition granted.

E. M. Morton, of Portland, Or., for petitioner.

V. W. Tomlinson, District Director of Naturalization, of Portland, Or., for the United States.

BEAN, District Judge. The petitioner was born in Australia February 27, 1903, came to the United States May 26, 1924, enlisted in the United States army June 6th of that year, and made his declaration of intention to become a citizen on the same day. He was honorably discharged from the army on June 5, 1927, and re-enlisted on the next day, and is now serving therein on such re-enlistment. He appeared before the representative of the Bureau of Naturalization and passed the preliminary examination as required by law, and the certificate of that officer shows that he is in every way qualified for citizenship, but that he is unable to establish a residence in the United States for five years. The government objects to his admission for that reason.

Subdivision 7 of section 4 of the Naturalization Law, as amended in 1918 (40 Stat. 542 [Comp. St. § 4352]), provides, among other things, that any alien of the age of 21 years and upward, who has enlisted or may

hereafter enlist in the army of the United States, and while still in the service on a re-enlistment, or within six months after honorable discharge therefrom, "may, on presentation of the required declaration of intention, petition for naturalization without proof of the required five years' residence within the United States, if upon examination by the representative of the Bureau of Naturalization, * * * it is shown that such residence cannot be established." It is claimed by the government that this provision does not repeal or modify the Act of March, 1813, now section 2170 of the Revised Statutes (Comp. St. § 4360), providing that no alien shall be admitted to become a citizen who has not for the continuous term of five years preceding his admission resided within the United States. But it will be observed that the act of 1918 expressly repeals all acts, or parts of acts, inconsistent or repugnant thereto, with certain exceptions not material here, and I have no hesitancy in concurring in the views of Judge Neterer, as expressed in Re Monsen (D. C.) 10 F.(2d) 560, that it was intended to apply to a special class of aliens, and to permit their naturalization without proof of the five years' residence, if, upon examination by the representative of the Bureau of Naturalization, it is shown that such residence cannot be established. This, I take it, is the effect of the holdings in Re Ellingsen (D. C.) 300 F. 225, and in Re Linklater (D. C.) 3 F. (2d) 691.

It follows that the petition should be allowed; and it is so ordered.