## POYSER v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
March 18, 1929.

No. 5600.

James D. Whalen, of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and George M. Naus, Asst. U. S. Atty., both of San Francisco, Cal.

Before RUDKIN and DIETRICH, Circuit Judges, and BEAN, District Judge.

BEAN, District Judge. This is an appeal from an order denying a petition for admission to citizenship. The appellant is a native of Australia, 24 years of age. He came to this country in 1920, and served for more than 3 years on board merchant vessels of the United States, prior to April 22, 1928, and was honorably separated therefrom. On June 1, 1928, he made his declaration of intention to become a citizen, and at the same time filed a petition for naturalization. The court below denied his petition, on the ground that 2 years had not elapsed since his preliminary declaration of intention. This ruling presents the only question on this appeal.

In June, 1906, Congress passed an act to establish a Bureau of Immigration and Naturalization, and to provide for a uniform rule for the naturalization of aliens throughout the United States. 34 Stat. at Large, 596. By section 4 thereof, an alien desiring to become a citizen is required to make his declaration of intention in the district in which he resides at least two years prior to his admission, and not less than two years or more than seven years thereafter to make and file his petition for naturalization.

By sections 5 and 6 (8 USCA §§ 396, 397) the clerk of the court is required to give notice of the filing of the petition by posting in a conspicuous place in his office, stating the date as nearly as may be of the final hearing, which shall be at least 90 days after the filing and posting of the notice. In May, 1918, section 4 of the original act was amended "by adding seven new subdivisions" (40 Stat. 542). The seventh subdivision so added is the one material here. It includes sundry provisions applicable to different classes of aliens, but for present purposes may be broken up as follows:

"Any alien, * * * of the age of twenty-one years and upwards * * * who has served for three years on board of merchant * * * vessels of the United States * * * and while still in the service * * * or within six months after an honorable discharge * * * may, on presentation of the required declaration of intention petition for naturalization without

proof of the required five years' residence * * * if upon examination by the representative of the Bureau of Naturalization * * * it is shown that such residence cannot be established. (2) Any alien serving in the military or naval service of the United States during * * * the present war may file his petition for naturalization without making the preliminary declaration of intention and without proof of the required five years' residence within the United States. (3) Any alien * * * embraced within this subdivision, may file his petition for naturalization in the most convenient court without proof of residence within its jurisdiction, * * * and, except as otherwise herein provided, the honorable discharge certificate of such alien * * * or the certificate of service showing good conduct, signed * * * by the masters of said vessels, shall be deemed prima facie evidence to satisfy all of the requirements of residence within the United States * * * and good moral character required by law, when supported by the affidavits of two witnesses, citizens of the United States, identifying the applicant as the person named in the certificate or honorable discharge. (4) Any petition for naturalization filed under the provisions of this subdivision may be heard immediately, notwithstanding the law prohibits the hearing of a petition for naturalization during thirty days preceding any election in the jurisdiction of the court." (8 USCA §§ 388, 392–394).

There is no doubt that Congress, recognizing the difficulty that alien seamen would have in complying with the then existing laws in the matter of proof of residence, character, etc., intended to facilitate their admission by exempting them from the required proof of 5 years' residence, when it is shown on examination by the representative of the Bureau of Naturalization that such evidence cannot be obtained, by substituting therefor 3 years' service on a merchant vessel of the United States, and by making the certificates of the masters of the vessels prima facie evidence of residence and good moral character, and providing that the petition for naturalization may be made to the most convenient court, without proof of residence within the district, and shall be heard immediately without waiting the required 90 days. In re Linklater (D. C.) 3 F.(2d) 691; In re Monson (D. C.) 10 F.(2d) 560; In re Richardson (D. C.) 21 F.(2d) 181; McDonald v. U. S., Feb. 18, 1929, 49 S. Ct. 218, 73 L. Ed. ——.

But there is nothing in the language of the amendment indicating an intention to dispense with the preliminary declaration of intention, or to permit a petition for naturalization to be filed at any time after making such declaration less than that already provided. On the contrary, the presentation of "the required declaration" is made a condition to the right to file the petition for naturalization. The only declaration required by law is the one specified in section 4, which must be made not less than 2 years prior to the filing of the petition for naturalization. This is the "required declaration," which an alien seaman must present at the time he files his petition for naturalization. In re En Sk Song (D. C.) 271 F. 23. If it had been the intention of Congress to relieve an alien seaman from compliance with the 2-year limitation, it would no doubt have so declared either in unmistakable terms, or by dispensing with a preliminary declaration, as in the case of aliens serving in the military or naval forces.

Judgment affirmed.