**Petition of BONE.**

**No. 104777.**

District Court, E. D. Michigan, S. D.
April 30, 1937.

Adolph R. Jobson and David I. Linebaugh, both of Detroit, Mich., for petitioner.

Robert C. Wilson, of Detroit, Mich., United States Naturalization Examiner, in opposition to petition.

TUTTLE, District Judge.

Petitioner, who prior to filing his petition for citizenship had served for three years on board merchant vessels of the United States, filed his application for naturalization and was met with the objection that his period of residence in the United States has been insufficient to satisfy the requirements of the federal naturalization statutes. It is conceded by the Naturalization Examiner that he has complied with every other condition precedent to citizenship. Petitioner contends that he has fully complied with the residence requirements under 8 U.S.C. § 388 (8 U.S.C.A. § 388) which states as follows:

"* * * any alien * * * of the age of twenty-one years and upward, who has enlisted or entered or may hereafter enlist in or enter the armies of the United States, either the Regular or the Volunteer Forces, or the National Army, or in the United States Navy or Marine Corps, or in the United States Coast Guard, or who has served for three years on board of any vessel of the United States Government, or for three years on board vessels of more than twenty tons burden, whether or not documented under the laws of the United States, and whether public or private, which are not foreign vessels, and while still in the service on a reenlistment or reappointment, or within six months after an honorable discharge or separation therefrom, may, on presentation of the required declaration of intention petition for naturalization and may be naturalized without complying with the requirements of residence

within the United States and within the county."

The single question is therefore presented of whether Congress in enacting the above statute intended to make three years' service on an American vessel complete satisfaction of the residential prerequisites to citizenship, or whether, as the Naturalization Examiner contends, it rather intended merely to permit three years' service on such vessel to be considered as residence within the United States without additional proof thereof, but without intending to abrogate the general requirement of five years' continuous residence within the United States as set out in 8 U.S.C. § 382 (8 U.S.C.A. § 382). I am of the opinion that the former construction is correct, and that consequently petitioner is immediately entitled to admission to United States citizenship.

The statute set out above was originally enacted in substantially its present form in 1918, with the exception that in place of the last phrase, "without, etc.," the act read:

" * * * without proof of the required five years' residence within the United States if upon examination by the representative of the Bureau of Naturalization, in accordance with the requirements of sections 388 to 390, and 392 to 394 of this title, it is shown that such residence can not be established." (40 Stat. 542, 8 U.S.C.A. § 388).

An amendment in 1929 deleting this clause resulted in the present form of the section. While no cases have been found judicially construing the statute since the enactment of the 1929 amendment, six decisions were rendered by District Judges prior to that time on the interpretation of the 1918 act, four of them taking the position that one coming within the terms of the section was eligible to citizenship even though he had not resided in the United States for five years. In re Ellingsen, 300 F. 225 (D.C.Cal.1924) ; In re Linklater, 3 F.(2d) 691 (D.C.Cal.1925) ; In re Monsen, 10 F.(2d) 560 (D.C.Wash.1925) ; In re Richardson, 21 F.(2d) 181 (D.C.Or.1927). Contra, In re Sandstrom, 14 F.(2d) 675 (D.C.Va.1925) ; In re Olsen, 18 F.(2d) 425 (D.C.Cal.1927).

It is thus apparent that the courts have had considerable difficulty in determining the exact meaning of this section. In support of the position that it is still necessary for a person coming within its terms to prove five years' residence within the United States (and presumably also six months' residence within the county where he resided at the time of filing his petition for naturalization), the three years on shipboard only counting as partial fulfillment of the five-year period, it is argued first that section 382 is in terms a general requirement of naturalization law, and that consequently to abrogate its provisions as to any class of aliens requires a clear exception to the requirement, which cannot be found in section 388. It is further contended that the natural intention of Congress in enacting section 388 must have been to put seamen and landsmen on an equal footing by making it as easy for the former to prove residence within the United States as for the latter (which would not be the case in the absence of this statute, since although a seaman may have a residence within the United States, even though serving most of his time on shipboard, it may be difficult for him to prove this, and in many cases seamen may have no residence at all within the territorial limits of this country) ; but that no reason can be found why Congress should intend to go beyond the correction of this pre-existing inequality and extend to sailors privileges of easy naturalization not available to landsmen. Finally, it was argued prior to the 1929 amendment that since the only reference in section 388 to the five-year requirement was in the statement that an applicant under section 388 could be naturalized without proof of five years' residence, the statute dealt with the method of proving fulfillment of residence requirements only and could not be intended to have had the more substantial effect of shortening the necessary period of residence (a position which was reinforced by the additional requirement of section 388 that the applicant first attempt to prove to the Naturalization Examiner five years' residence within the United States). In view, however, of the changed wording of the clause referred to this argument can no longer be made.

With regard to the first contention, it should be noted that five years' residence has not been made a universal prerequisite to naturalization, since under section 368 an alien woman marrying an American citizen may be naturalized after one year's residence only. Moreover, if Congress in enacting section 388 had intended merely to make three years' service on American vessels count as three years' residence within the United States toward the fulfillment of

the five-year period, it could have expressed its intent much more directly by wording the section in the style of the last clause of, section 360, which states that residence within American territories "shall be regarded as residence within the United States within the meaning of the five years' residence clause of the existing law." As to the other argument that Congress could not reasonably have intended to make naturalization easier for seamen than landsmen, it is significant that from 1872 to 1918 an act was in effect which clearly permitted the naturalization of seamen after three years on board an American vessel, while five years was still the general requirement.[1] This act was superseded in 1918 by the statute already quoted, but it does not appear to have been the intention of Congress to change the residence period required, but rather merely to bring into one act provisions relating to naturalization of seamen and to those enlisting in the army, navy, marine corps; coast guard, etc., for certain of which classes separate sections establishing special residence requirements existed prior to 1918. (See historical note to section 388 at 8 U.S.C.A. p. 443.) Moreover, adequate reason for Congress' making naturalization easier for seamen than landsmen can be found in its desire, not to favor the former of themselves, but rather to benefit the country as a whole by making certain that, in the event of war, as large a proportion of the crew of American vessels will be citizens of the United States as is consistent with the counter-objective of insuring that naturalized persons shall have resided in this country a sufficient time to appreciate their duties as citizens. That Congress has recognized the undesirability of having the American merchant marine manned by aliens, in view of the importance which it assumes in wartime, is seen in the provisions of the recent Ship Subsidy Act passed by the 74th Congress, which requires a certain percentage of officers and crew of vessels receiving subsidies to be American citizens and declares it to be the policy of the United States to have an adequate merchant marine "owned and operated * * * by citizens of the United States,

insofar as may be practicable * . * * and manned with a trained and efficient citizen personnel." 46 U.S.C.A. §§ 1101 and 1132. Finally, the construction of section 388 which requires seamen still to satisfy the requirements of section 382 defeats the very purpose for which, according to the proponents of that construction, section 388 was enacted. Under that interpretation, a sailor who has served three years on American vessels is faced with the necessity of proving residence within the United States for two additional years and also six months' residence within the county where he resides at the time of filing his petition for naturalization—otherwise the residential requirements of section 382 are being disregarded as completely as if the construction of section 388 be adopted that three years of service on American vessels with honorable discharge is all that is required. Such proof entails the same hardship upon him as the proof of five years' residence within the United States would involve if section 388 were. not in effect at all. It is difficult to see under that construction of the section how a sailor who served five years on shipboard, without any residence on land, could become a citizen at all.

If, as I therefore believe, the 1918 statute intended to make three years' service on board American ships complete satisfaction of the residential requirements of citizenship, it is much more clear since the enactment of the 1929 amendment that this result was intended by Congress, all reference to section 382 now having been eliminated from section 388. If section 388 in its present form is read by one unfamiliar with the history of litigation over its meaning, it is difficult to see how he can arrive at any conclusion other than that it makes five years' residence in the United States unnecessary. This conclusion is made still more apparent by an examination of the hearings on the amendment before the House Naturalization Committee. While congressional debates and committee hearings cannot be resorted to in order to determine the intent of Congress by a consideration of the opinions of individual leg-

---

**1** 1. R.S. § 2174, 8 U.S.C.A. § 388 note: "Every seaman, being a foreigner, who declares his intention of becoming a citizen of the United States in any competent court, and shall have served three years on board of a merchant-vessel of the United States subsequent to the date of such declaration, may, on his application to any competent court, and the production of his certificate of discharge and good conduct during that time together with the certificate of his declaration of intention to become a citizen, be admitted a citizen of the United States."

222

islators as to the meaning of certain provisions of the act, reference to them is proper, where a statute on its face is ambiguous, to ascertain the history of the times and the evil intended to be rectified, especially where such reference confirms a construction of the act already considered correct. See Johnson v. Southern P. Co. (1904) 196 U. S. 1, 25 S.Ct. 158, 49 L.Ed. 363; Standard Oil Co. v. U. S. (1911) 221 U.S. 1, 31 S.Ct. 502, 55 L.Ed. 619, 34 L.R.A.(N.S.) 834, Ann. Cas.1912D, 734; U. S. v. Bhagat Singh Thind (1923) 261 U.S. 204, 206, 43 S.Ct. 338, 339, 67 L.Ed. 616; U. S. v. Rehwald, 44 F.(2d) 663 (D.C.Cal.1930); Smith v. Gilliam, 282 F. 628 (D.C.Ky.1922); Maxwell v. Brayshaw (1919) 49 App.D.C. 57, 258 F. 957. The recognition both by Raymond Crist, who as the then Commissioner of Naturalization drafted the amendment, and by the members of the committee of the difficulty faced by a seaman in proving residence in the United States and of the undesirability of having too great a proportion of aliens serving on American vessels, together with their dissatisfaction with the interpretation of the 1918 act which held five years' residence still a prerequisite to the naturalization of seamen, is clearly disclosed in the hearings. See Hearings before the Committee on Immigration and Naturalization, House of Representatives, 70th Congress, 2d Session on H.R. 349, Hearing No. 70.1.1, pages 4–9 of Preliminary Publication.

The conditions other than those of residence precedent to citizenship are not eliminated in my opinion, by the shorter period of residence required of seamen. Under the express language of section 388, a seaman must still file his declaration of intention; and, since section 388 only exempts him from complying with other residential requirements, there is no sound reason for assuming that Congress intended to abrogate the prerequisites of a legal entry into the United States or proof of good character, although it is apparently contemplated by section 388 that the honorable discharge of a seaman, or other person embraced by the statute, may be taken as prima facie evidence of good character, and it may also be assumed that it is unnecessary for the applicant to affirmatively show good character for a period longer than three years. Whether continuity of service on American vessels for the three-year period is essential, despite the absence of express language in section 388 to that effect, is a question the solution of which may be deferred until such time as the problem is directly presented. Since petitioner in this case has under the stipulated facts satisfied all these requirements, he is entitled to immediate naturalization.